UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ROBERT C. BROADWAY** | * | **CIVIL ACTION NO. 97-0940; "Sec. P"** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN LOUISIANA STATE PENITENTIARY** | * | **MAG. JUDGE KAREN L. HAYES** |

MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), [doc. # 27], filed by Petitioner Robert Broadway. The State opposes the motion. For reasons stated below, the motion is **DENIED**.

Factual and Procedural Background

Petitioner Robert Broadway ("Broadway") was convicted of aggravated rape on September 16, 1982, in the Thirty-Ninth Judicial District Court, Parish of Red River, state of Louisiana, and is serving a life sentence. [doc. #1, supporting mem.]. The procedural history since his conviction is extensive. Among other various forms of relief, Broadway has filed four petitions for post-conviction relief in state court, all of which have been denied. Relevant to the instant motion is Broadway's fourth petition, filed on January 18, 1994, in which he argued that "a historical absence of black grand jury foremen in Red River Parish illustrates that the indictment proceedings effectively denied him the Fourteenth Amendment's due process and equal protection guarantees." [doc. #9, Page ID # 1106].[1] The Louisiana trial and appellate courts

---

[1] The original page numbers assigned to the trial record before filing appear to be off. Thus, the Court will refer to the "Page ID #" at the top of each page when referring to the trial record.

denied his petition on the merits.[2]

In late 1994 or early 1995, Broadway attempted to file a supplemental claim to his 1994 petition. His supplemental petition presented, for the first time, an ineffective assistance of counsel claim due to counsel's failure to investigate and challenge racial discrimination in the selection of the grand jury foreman.[3] [doc. #9, Page ID # 1123]. Broadway argued that "he should be allowed to supplement the [January 1994] application and/or reopen the case and raise the claim of Ineffective Assistance of Counsel in counsel's failure to object to the discriminatory practices of appointing grand jury forepersons in Red River Parish." *Id.* The Louisiana district court denied his supplemental request for relief without stating a basis. *Id.* at Page ID # 1118; *State of La. v. Robert C. Broadway*, No. 39,794 (39th Jud. Dist. Ct. 1995). The Court of Appeal for the Second Circuit found that the trial court did not err in denying relief because the trial court was barred from considering the untimely application pursuant to Louisiana Code of Criminal Procedure article 930.8. *Id.* at Page ID # 1119; *State of La. v. Robert C. Broadway*, No. 27879-KH (La. Ct. App. 2d Cir. 1995). The Louisiana Supreme Court issued two separate opinions, denying Broadway's original and supplemental petitions as time-barred under article 930.8.[4] [doc. #9, Page ID #'s 1121-22]; *State ex rel Robert C. Broadway v. John P. Whitley, Warden*, No. 94-KH-2060 (La. 1996); *State ex rel Robert C. Broadway v. State of La.*, No. 95-

---

[2] The Court of Appeal for the Second Circuit also found his petition to be time-barred. [doc. #9, Page ID # 1114]; *State of La. v. Robert C. Broadway*, No. 26,705-KH (La. Ct. App. 2d Cir. 1994).

[3] Though this was not Broadway's first attempt at arguing ineffective assistance of counsel, albeit on other grounds, including conflict of interest and failure to object to the trial court's instruction on reasonable doubt. Those claims were denied for lacking merit.

[4] Article 930.8 bars petitions for post-conviction relief filed more than two years after the judgment of conviction and sentence has become final. LA. C. CR. P. art. 930.8.

KH-1714 (La. 1996).

On May 12, 1997, Broadway filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [doc. #1]. Ground five of his petition reasserted his ineffective assistance of counsel claim for trial counsel's failure to challenge the discriminatory practices of appointing grand jury forepersons in Red River Parish. *Id.* at 21. In recommending dismissal of Broadway's petition, Magistrate Judge Roy S. Payne held that Broadway's ineffective assistance of counsel claim was "procedurally barred from review on the merits" "[b]ecause the last, explained state-court decision rested clearly and expressly on Article 930.8". [doc. #12, p. 13].

On August 23, 1999, after reviewing the entire record and Broadway's objections, the District Court adopted the Report and Recommendation and issued a judgment dismissing Broadway's habeas petition. [doc. #14]. The Court then denied a certificate of appealability. [doc. # 17]. The United States Court of Appeals for the Fifth Circuit also denied a certificate of appealability. [doc. #18].

In early 2014, Broadway filed an application to the Fifth Circuit seeking authorization for permission to file a successive habeas corpus application. His request was denied. He filed a Writ of Certiorari with the United States Supreme Court; that petition, too, was denied.

On August 26, 2014, Broadway filed his first Rule 60(b) motion, seeking relief from the Fifth Circuit's ruling denying Broadway permission to file a second or successive habeas petition. [doc. #19]. Broadway argued that he discovered "new evidence," consisting of a lab report that would have contradicted the state's expert and proved his innocence, but was never presented at trial. *Id.* at 8. On August 29, 2014, the district court denied his motion, noting that it lacked jurisdiction to review the Fifth Circuit's ruling and that, in any event, Broadway's requested relief was not warranted. [doc. #20]. The district court denied a certificate of

appealability. [doc. #23]. On appeal to the Fifth Circuit, the Court stated that Broadway's Rule 60(b) motion was, in substance, a successive habeas petition—which the Court had previously denied him authorization to file. [doc. #25, p. 2]. The Fifth Circuit "warned" Broadway that "frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *Id.*

Now, Broadway has filed the instant motion seeking relief under Rule 60(b)(6), arguing that the Fifth Circuit's recent decision in *Coleman v. Goodwin*, 833 F.3d 537 (5th Cir. 2016), entitles him to consideration of his procedurally barred ineffective assistance of counsel claim. [doc. #27]. The State filed a memorandum in opposition on October 21, 2016. [doc. #34]. Broadway filed his response on October 28, 2016. [doc. #35]. Thus, the matter is before the Court.

## Law and Analysis

**I. Applicable Law**

The doctrine of procedural default holds that "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Id.* However, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Id.*

In *Martinez*, the Supreme Court held that a prisoner may establish cause for a default of

an ineffective assistance claim by showing that (1) the underlying ineffective assistance of trial counsel claim is substantial; and (2) the prisoner received ineffective assistance of counsel in state habeas proceedings. 132 S.Ct. at 1318. The *Martinez* holding was initially limited to cases where the state *required* a prisoner to raise an ineffective assistance of counsel claim in a collateral proceeding, as opposed to a direct appeal proceeding. But in *Trevino v. Thaler*, the Supreme Court expanded the *Martinez* rule, applying it in states "where . . . state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal". 133 S.Ct. 1911, 1921 (2013). The Court concluded that, due to Texas's inequitable procedural system, Texas prisoners could benefit from the *Martinez/Trevino* exception. *Id.*

Now, under *Coleman v. Goodwin*, Louisiana prisoners can also benefit from the *Martinez/Trevino* exception. 833 F.3d at 541. Thus, Broadway seeks have his case reopened to consider his procedurally barred ineffective assistance of counsel claim. His instant motion rehashes his argument that he received ineffective assistance of trial counsel due to counsel's failure to "investigate and obtain readily available documentation" which would have proved racial discrimination in the selection of grand juror forepersons in Red River Parish. [doc. #27, p. 4].

**II. Broadway Has Not Demonstrated Extraordinary Circumstances Under Rule 60(b)(6)**

Broadway argues that the Fifth Circuit's recent decision in *Coleman v. Goodwin* constitutes "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). [doc. #27, p. 11]. The State urges the Court to find that Broadway's claims have been fully litigated, and thus, not procedurally barred, making the *Martinez/Trevino* exception inapplicable to

5

Broadway's case. In the alternative, the State argues that Broadway has failed to show cause for defaulting his ineffective assistance claim under the *Martinez/Trevino* rule.

The undersigned finds that it is unnecessary to reach the State's arguments because Broadway has failed to demonstrate extraordinary circumstances entitling him to relief under Rule 60(b)(6).[5]

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances". *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Because the motion does not fit within any of the enumerated reasons for relief under Rule 60(b)(1)-(5), Broadway's only ground for reopening his case is under Rule 60(b)(6), which allows a court to grant relief for "any other reason" that is justifiable. FED. R. CIV. P. 60(b)(6). Relief under 60(b)(6) "will be granted only if extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citing *Bailey v. Ryan Stevedoring Co. Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).

The Fifth Circuit has held that "[c]hanges in decisional law based on constitutional principles are not of themselves extraordinary circumstances sufficient to justify Rule 60(b)(6) relief." *Batts*, 66 F.3d at 749. A circuit court's announcement of a new rule of federal law, like a Supreme Court announcement, is similarly insufficient without more to justify Rule 60(b)(6)

---

[5] The Court has jurisdiction over Broadway's Rule 60(b) motion because it does not contain a habeas corpus "claim," and thus, is not construed as an impermissible successive petition. When a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is not a habeas corpus claim. *Gonzalez*, 545 U.S. at 532. A motion does not make a habeas corpus claim when a prisoner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n. 4. Broadway challenges the district court's 1997 determination that his claim was procedurally defaulted. [doc. #27, p. 12].

relief." *Id.* Furthermore, a judicial change in the Court's view of the law after entry of a final judgment does not justify setting it aside. *Id.* (citing *Collins v. City of Wichita*, 254 F.2d 837 (10th Cir. 1958). A party seeking relief under Rule 60(b) "cannot simply cite" new case law to support its motion; "it must present proof that enforcement of the judgment would work an injustice." *Id*. "The required showing is substantial." *Id.* Moreover, these principles apply "with equal force in habeas proceedings". *Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011).

Broadway is not the first prisoner to try and take advantage of the *Martinez/Trevino* exception via Rule 60(b)(6). In *Adams v. Thaler*, a capital prisoner filed a Rule 60(b) motion seeking relief from a federal district court's judgment dismissing his ineffective assistance of counsel claim as procedurally barred. 679 F.3d 312, 316 (5th Cir. 2012). Like Broadway, Adams sought to take advantage of the *Martinez* rule—which had just been issued by the Supreme Court earlier that year. *Id.* Adams argued that the *"Martinez* [decision] constitutes 'extraordinary circumstances' entitling him to Rule 60(b)(6) relief." *Id.* The Fifth Circuit denied Adams' motion, holding that the "Supreme Court's later decision in *Martinez*, which creates a narrow exception to *Coleman*'s holding regarding cause to excuse procedural default, does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief." *Id.*

Similarly, in *Diaz v. Stephens*, a capital prisoner in Texas asserted that the holdings in *Martinez* and *Trevino* amounted to "extraordinary circumstances" warranting Rule 60(b) relief. 731 F.3d 370 (5th Cir. 2013). Diaz argued that *Trevino* "dramatically altered the parameters of *Martinez*," rendering the *Adams* decision obsolete. *Id.* at 376. This argument was rejected as lacking merit. The Fifth Circuit held, "*Martinez*, even in light of *Trevino*, does not create extraordinary circumstances warranting relief from final judgment." *Id.* at 379.

Here, Broadway argues that the *Coleman v. Goodwin* decision constitutes "extraordinary circumstances" entitling him to benefit from the *Martinez/Trevino* exception. Under *Adams* and *Diaz*, Broadway's argument is clearly without merit. *See Buck v. Stephens*, 623 Fed. App'x. 668 (5th Cir. 2015) (Rule 60(b) motion that focused on procedurally barred ineffective assistance of counsel claim did not constitute extraordinary circumstances); *see also Hernandez*, 630 F.3d at 430 (holding that the "Supreme Court's later change in law regarding the calculation of AEDPA's limitations period—which would have rendered petitioner's habeas petition timely—did not constitute 'extraordinary circumstances'"); *Gonzalez*, 545 U.S. at 535 (noting that extraordinary circumstances "will rarely occur in the habeas context."). As Broadway does not assert any other grounds for relief, he has failed to meet his burden of showing extraordinary circumstances under Rule 60(b)(6).[6]

---

[6] The Court notes that Broadway has failed to present any proof that enforcement of the 35-year-old judgment against him would work an injustice. However, the Court finds that Broadway is unable to make a showing of injustice even if he tried. Broadway was convicted by a jury of twelve people in 1982. According to the trial record, the rape victim testified and identified Broadway as her rapist. Broadway orally confessed to committing the crime to Investigator Ron Ashby. That confession was tape recorded and introduced at trial. Broadway testified at his own trial and the jury heard his side of the story. Thus, any challenge to the indictment is likely superseded by the jury's determination of guilt based on the wealth of evidence against Broadway at trial. Additionally, over the years, Broadway has made numerous attempts to attack his judgment, all of which have been denied. In fact, Broadway challenged the indictment in his 1994 petition for post-conviction relief on grounds very similar to this petition. He claimed that the grand jury foreman selection process violated his Fourteenth Amendment rights. The state district court held that his argument lacked merit:

> The selection process in the Thirty-Ninth Judicial District is not unlike those in other districts. The judge selects the foreperson from the panel of individuals chosen at random from the community. . . . There is no showing that petitioner was prejudiced by the fact that the foreperson was selected in this matter. There was no showing of prejudice in the composition of the grand jury panel nor in the trial jury which had to find guilt beyond a reasonable doubt. The grand jury must only find that the facts illicited [sic] by the state would justify the prosecution, a lesser standard. The relief requested . . . is denied without a hearing. Even assuming all of the facts claimed to be true, the petitioner is not entitled to relief as a matter of law.

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of November 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

*State of La. v. Robert C. Broadway*, No. 39,794 (39th Jud. Dist. Ct. 1994).
In September 2001, Broadway filed a petition for declaratory relief, again challenging the indictment as unconstitutional. The district court denied his petition:
> Any challenge to the legality of an indictment must be raised by a motion to quash within fifteen days of the arraignment or prior to trial if it is not waived. It seems no such motion was filed. **Even if a motion had been filed, it is very unlikely that it would have had any effect on the outcome of his trial.** Robert Broadway was tried by a jury of twelve who heard all the evidence and adjudged him guilty . . . .

*Robert Broadway v. State of La., Through Office of Attorney Gen.; & Red River Parish, Through Office of Dist. Attorney*, No. 32,622 (39th Jud. Dist. Ct. 2002) (internal quotations omitted) (emphasis added).